Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Lea K. Schneider, OSB No. 145154
lschneider@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Defendant Omegle.com LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| S.L., on behalf of minor K.A., <br><br> Plaintiff, <br><br> vs. <br><br> OMEGLE.COM LLC, an Oregon limited liability company, <br><br> Defendant. | Case No. 3:23-cv-01593-HZ <br><br> DEFENDANT OMEGLE.COM LLC'S MOTION TO DISMISS CLAIMS ONE THROUGH FOUR PURSUANT TO FED. R. CIV. P. 12(b)(6) |

## L.R. 7-1(a) CERTIFICATION

Undersigned counsel for Defendant Omegle.com LLC certifies the parties made a good faith effort to resolve the dispute by telephonic conferral but were unable to do so.

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Omegle.com LLC ("Omegle") moves the Court to dismiss claims one through four for failure to state a claim upon which relief may be granted. Furthermore, because any amendment would be futile, Omegle requests that dismissal be with prejudice.

**MEMORANDUM**

Plaintiff alleges K.A's use of Omegle's web-based chat service as the basis for her product liability claim. The product liability claim fails as a matter of law because Omegle's chat service was not a "product."

**RELEVANT FACTUAL ALLEGATIONS**

Plaintiff's claims are based on her alleged use of Omegle—in violation of Omegle's age policies and in disregard of warnings—and are limited to discrete circumstances: Omegle's random pairing of K.A., through a chat with individuals (not named in this lawsuit) in 2020 and 2021, when Plaintiff was a minor. Compl. ¶¶ 3.27, 3.30. During these exchanges, K.A. provided contact information that allegedly allowed the individuals to contact K.A. directly; those individuals would not otherwise have been able to contact K.A. directly again because Omegle is anonymous. *See id*. at ¶ 3.48.

Specifically, Plaintiff admits K.A. violated the Omegle age requirement by using the chat service at age 11, without parental permission or supervision. Compl. ¶ 3.26. At all relevant times Omegle warned users that they "must be 18+ or 13+ with parental permission and supervision to use Omegle." Compl. ¶ 3.15.[1] The Complaint alleges K.A. was randomly paired with a child predator in the Fall of 2020, when K.A. was 11 years old. Plaintiff alleges that following K.A's conversation on Omegle with the alleged predator, K.A. opened a Discord account to remain in contact with the individual. Compl. ¶ 3.27. Plaintiff alleges that the predator ultimately convinced K.A. to send videos and photos of herself engaging in sex acts via Discord. *Id.*

K.A. allegedly continued to use Omegle while disregarding its age policy and allegedly was paired with a second child predator in October 2021. Compl. ¶ 3.30. After meeting on Omegle, K.A. allegedly continued to communicate with the second predator on Discord, where

---

[1] After October 2022, Omegle required users to be over 18. *Id.* at 3.14. Prior to that, and consistent with the Children's Online Protection Act of 1998, 15 U.S.C. §§ 6501-6505, users had to be over 13. *Id.* Plaintiff alleges that she was neither.

he convinced her to take and send explicit photos and engage in sexual discussions. *Id.* at 3.31. Plaintiff does not allege that any illicit photographs or videos were exchanged on Omegle.

As a result of K.A.'s random pairings with alleged predators on Omegle, she has made claims against Omegle for: (1) product liability arising out of defects in design and defects in warning; and (2) negligent design, warning, and instruction. Compl. ¶ 3.34.

## DISCUSSION

### A.     Rule 12(b)(6) Standard for Dismissal

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) may be granted when there is no cognizable legal theory to support the claim as alleged, or when the complaint fails to state a facially plausible claim for relief. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct." *U.S. ex rel. Perry v. Hooker Creek Asphalt & Paving, LLC¸* Case. No. 6:08-cv-6307-MC, 2017 WL 2311666, at *1 (D. Or. May 26, 2017). The plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. These kinds of fundamental deficiencies "should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Twombly*, 550 U.S. at 558.

### B.     The product liability claims fail as a matter of law.

#### 1.     Claims one through four fall under Oregon's product liability statute.

ORS 30.900 defines a "product liability civil action" as a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or

property damage arising out of: "(1) Any design, inspection, testing, manufacturing or other defect in a product; (2) Any failure to warn regarding a product; or (3) Any failure to properly instruct in the use of a product."

Claims one and two are pled as strict liability product liability claims and three and four as negligence product liability claims. However, both are governed by the statutory framework provided for in ORS 30.900. *Smith v. Ethicon Inc.,* No. 3:20-cv-00851-AC, 2021 WL 3578681, at *3 (D. Or. May 13, 2021), *findings & recommendations adopted by* 2021 WL 3575099 (D. Or. Aug. 12, 2021) ("[I]f the gravamen of a cause of action is a product defect, regardless of the theory of liability, then Oregon's product liability statutory framework . . . will govern the cause of action.").

### 2. Omegle's online chat service was not a "product."[2]

All four of Plaintiff's product liability claims fail as a matter of law because they do not plausibly allege Omegle's chat website was a "product." Under Oregon law, a product liability action is limited to claims "brought against a manufacturer, distributor, seller or lessor of a *product*[.]" ORS 30.900 (emphasis added). Conversely, the Oregon statute does not impose liability on a service provider. *Watts v. Rubber Tree, Inc.*, 118 Or. App. 557, 563 (1993) ("ORS 30.920 does not provide for strict liability of service providers. If the legislature had intended otherwise, it would have clearly said so.")

"Whether something is a 'product' within the meaning of the statute is a question of law." *Ass'n of Unit Owners of Bridgeview Condos. v. Dunning*, 187 Or. App. 595, 615 (2003). "The task of the courts is merely to determine the scope of the legislature's policy judgments as expressed in the statute." *Id.* at 617. To determine the scope of legislative intent in defining what is a "product," the statute instructs courts to construe the statute "in accordance" with Section 402A of the *Restatement (Second) of Torts*. ORS 30.290(3).

Comment a to the Restatement explains that products liability makes a "*supplier of chattle*" liable to the consumer, even if the supplier "exercised all possible care in the preparation

---

[2] We use the past tense because Omegle.com LLC has discontinued its interactive website.

and sale of the *product*." *Restatement (Second) of Torts* § 402A, comment a (emphasis added). Further the Oregon Court of Appeals has interpreted both comments c and d of Section 402A to mean that product liability claims stem from "the use and consumption of goods." *Dunning*, 187 Or. App. at 616 (internal quotations omitted). Accordingly, for something to be a "product" under Oregon's product liability law, it must either be a chattel or a good. *See id.* (holding that condominiums were not "products" under Oregon law because they are neither a chattel nor a good); *see also Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1034 (9th Cir. 1991) ("The purposes served by product liability law [] are focused on the tangible world . . . .").

A chattel is defined as "[a]n article of personal property, as opposed to real property. A thing personal and moveable." *Dunning*, 187 Or. App. at 616 (quoting Black's Law Dictionary 215 (5th ed. 1981)). Oregon's version of the UCC for sales defines 'goods' as things "which are movable at the time of identification." ORS 72.1050(1). Notably, Oregon's UCC for secured transactions has a more detailed definition of "goods" that explicitly *excludes* computer programs "embedded in goods that consist solely of the medium in which the program is embedded" in its own definition of goods. ORS 79.0102(qq). In other words, a chat program embedded in a website is *not* a good under the UCC.[3]

Here, Omegle's chat service, provided through its website, was not a "product" within the meaning of Oregon's product liability law. Plaintiff has not alleged, and cannot allege, that Omegle's chat service was either a chattel or a good under Oregon law, as it is not a tangible "movable" thing. Indeed, the Complaint describes Omegle as "a free online website," "one of the most popular chat sites," and alleges that Omegle is accessible "only through its own website" and is not an "application" "uploaded through a marketplace like the App Store or Google Play." (Dkt. 1-1 at ¶¶ 3.2, 3.3, 3.16.) The Complaint is filled with generic references to Omegle's "product" and "the product" (*see, e.g., id.* at ¶¶ 3.1, 3.11, 3.12, 3.14-3.16, 3.23, 3.25, 3.28, 3.39,

---

[3] Further, while Oregon courts have not adopted it, the definition of "product" in the *Restatement (Third) of Torts: Products Liability* – that a "product is tangible personal property distributed commercially for use or consumption" and that "[s]ervices, even when provided commercially, are not products" – is consistent with *Dunning*'s definition.

3.41, 3.45, 3.47, 3.48, 4.2-4.7, , 4.9-4.15, 4.16-4.20, 4.22-4.25); the only "product" referenced is "the website" (*see id.* at ¶¶ 4.2, 4.9, 4.11, 4.17). The Complaint's use of the word "product" does not bind the Court to accept it as a legal conclusion. *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

While Oregon courts have not addressed whether an online chat service is a "product," other courts have held that websites are not products under product liability laws. For example, a federal district court interpreting California law dismissed two plaintiffs' product liability claims because phone applications, like Snapchat, are not products. *Ziencik v. Snap, Inc.*, No CV 21-7292-DMG (PDX), 2023 WL 2638314, at *4 (CD Cal Feb 3, 2023) (12(b)(6) motion); *see also James v. Meow Media, Inc.*, 300 F.3d 683, 700-01 (6th Cir. 2002) (affirming (12(b)(6) dismissal of product liability claims because plaintiff failed to demonstrate that "video games, movies, and internet sites are 'products' for purposes of strict liability"; explaining that "internet transmissions are not sufficiently 'tangible' to constitute products"); *Intellect Art Multimedia, Inc. v. Milewski*, 24 Misc. 3d 1248(A), 899 N.Y.S.2d 60, 2009 WL 2915273, at *18 (N.Y. Sup. Ct. 2009) (dismissing at the pleadings stage a product liability claim against website).

Courts have also held that online services are not subject to product liability laws. *See Quinteros v. Innogames*, No. C19-1402RSM, 2022 WL 898560, *1-2, *7 (W.D. Wash. Mar. 28, 2022), *reconsideration denied*, 2022 WL 953507, *appeal filed*, No. 22-35333 (dismissing at 12(b)(6) stage because game accessed via a website – SaaS or "software as a service" – is not a "product"); *accord Burghart v. S. Correctional Entity*, 2023 WL 1766258, at *3 (W.D. Wash. Feb. 3, 2023) (in context of electronic health software system; collecting authorities decided under Washington Product Liability Act); *Legal Tender Servs. PLLC v. Bank of Am. Fork*, 2022 UT App. 26, 506 P.3d 1211, 1220 (Utah Ct. App. 2022) (holding that bank's online payment portal is not a "product" for purposes of product liability law; "the portal isn't a movable good" or "an item of tangible personal property" but instead, "an online portal that is accessed by following the website link" and that "no separate hardware [or] software" is needed to access the portal) (internal quotation marks omitted).

## **CONCLUSION**

Because Plaintiff has not plausibly alleged that Omegle is a product, and because Omegle cannot be a product under any circumstances, the product liability claims fail as a matter of law and should be dismissed with prejudice.

DATED this 10th day of November, 2023.    SNELL & WILMER L.L.P.


 /s/ Lea K. Schneider
Clifford S. Davidson, OSB No. 125378
Lea K. Schneider, OSB No. 145154
  Attorneys for Defendant Omegle.com LLC

4882-6236-1742